IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:09-930-04 (CMC) |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Keyon Carrie, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act of 2018. ECF No. 497. The United States Probation Office has filed a Sentence Reduction Report ("SRR") (ECF No. 499), indicating Defendant is eligible for relief as his statutory penalty has changed from mandatory Life imprisonment[1] to 10 years to Life, and his supervised release exposure is eight years instead of 10 years. The Government agrees Defendant may be eligible for relief, but "suggests that in the circumstances of this case relief should be denied." ECF No. 500 at 1. Defendant has not filed a reply.

The court will consider the new statutory range, the new advisory guideline range, factors in 18 U.S.C. § 3553(a), and any evidence of post-sentencing mitigation in deciding whether to impose a reduced sentence of incarceration. Therefore, the parties shall file, on or before August 20, 2019, any further submissions relevant to these matters.

---

[1] Defendant's statutory mandatory minimum sentence was increased from 10 years to Life to mandatory Life imprisonment due to three prior felony drug convictions. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 851.

## Background

On August 19, 2009 Defendant was charged in an Indictment with conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana. ECF No. 19. The Government filed an Information pursuant to § 851, providing notice it intended to pursue enhanced penalties based on three prior felony drug convictions. ECF No. 70. On November 12, 2009, Defendant entered into an Amended Plea Agreement to plead guilty Count 1, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. ECF No. 116.

At the Rule 11 hearing, the court advised Defendant:

In terms of Mr. Carrie's plea agreement, he's proposing to plead guilty to count 1 of his indictment, which charges a conspiracy to possess with intent to distribute five kilos or more of cocaine and 50 grams or more of crack. . . . In order for the government to prove a drug conspiracy, the government has to prove that the conspiracy described in the indictment was knowingly and willfully formed and was in existence on or bout the dates that are set forth in the indictment. Then the government has to prove that you willfully joined in the conspiracy with knowledge of its unlawful purpose. And then finally, the government has to be able to prove the nature of the conspiracy, that is, what type of drug was involved and what quantity of drugs was involved.
…
With regard to the – Mr. Carrie, they are requiring proof of – that you personally distributed five kilos or more of cocaine or 50 grams or more of crack, or specifically agreed to those amounts and quantities and types, or that that was reasonably foreseeable to you and within the scope of your agreement.
…
Mr. Carrie, in your case they are alleging that there are two or more prior felony drug convictions. In a case involving this amount of drugs and these kinds of drugs, that means a mandatory term of life imprisonment without parole, a fine of up to $8 million, a term of supervised release of at least 10 years, and a special assessment of $100. Is that your understanding?
Mr. Carrie: Yes, ma'am.

2

ECF No. 494 at 12-14, 16.

The Government summarized the evidence against Defendant, explaining:

During the course of wire intercepts . . . this particular individual was intercepted numerous times arranging for cocaine deals for Mr. Carrie. . . . These wire intercepts were for half kilograms, kilograms, and sometimes multi-kilogram transactions. On some occasions, actually intercepted Mr. Carrie on the wire intercepts talking directly to Mr. Mendoza.
…
We also had other cooperating defendants from that same drug trafficking organization telling us during proffer agreements that Mr. Carrie was actually selling crack cocaine and cooking powder cocaine into crack cocaine.

*Id.* at 44-46.

Thereafter the court inquired of Defendant as follows:

The court: All right. Mr. Carrie, do you admit that you were involved with Mr. Mendoza in a cocaine and crack conspiracy?
Mr. Carrie: Yes, ma'am.
The court: Do you admit that you did it knowingly?
Mr. Carrie: Yes, ma'am.
The court: You knew what you were doing?
Mr. Carrie: Yes, ma'am.
The court: And do you admit that you either personally distributed five kilos or more of cocaine or 50 grams or more of crack?
Mr. Carrie: Yes, ma'am.
…
The court: All right. Then how do you wish to plead, to count 1, not guilty or guilty?
Mr. Carrie: Guilty.

*Id.* at 46.

Sentencing took place on March 5, 2010. ECF No. 185. Defendant was sentenced to Life imprisonment and, if released from imprisonment, 10 years' supervised release. ECF No. 187. On September 15, 2010, after a motion for sentence reduction from the Government pursuant to Fed. R. Crim. P. 35(b), the court issued an Amended Judgment sentencing Defendant to 210 months and 10 years' supervised release. He has been in custody since August 24, 2009.

3

## Analysis

It is the statute of conviction, not actual conduct, that determines eligibility for relief under the First Step Act. *United States v. Powell*, 5:02-cr-206, 2019 WL 1198005, at *3 (N.D.N.Y. Mar. 14, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019); *United States v. Glore*, No. 99-cr-82-pp, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019). To be eligible, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. Whether an offense is a "covered offense" is determined by examining the statute the defendant violated. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194. If that statute is one for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

The Fair Sentencing Act increased the quantity of cocaine base to apply a mandatory minimum 10-year sentence to 280 grams or more. 21 U.S.C. § 841(b)(1)(A). Consequently, if Defendant admitted guilt as to cocaine base only, he would be eligible for a reduction under the First Step Act, as his statutory penalty changed. As noted by the Government, the record in this case does not definitively show whether Defendant pled guilty to 5 kilograms or more of cocaine, 50 grams or more of cocaine base, or both. The Amended Plea Agreement stated he agreed to plead to Count 1, which charged conspiracy to possess with intent to distribute and to distribute both cocaine and cocaine base. Although the court used "and" several times in the plea colloquy, when questioning Defendant regarding his admission, the court stated "do you admit that you either personally distributed five kilos or more of cocaine <u>or</u> 50 grams or more of crack?" (emphasis added). Therefore, in the light most favorable to Defendant, he could have admitted

4

guilt only to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, rendering him eligible for relief under the First Step Act.

Applying the rule of lenity[2], and taking the plea colloquy in the light most favorable to Defendant, the court finds that Defendant was convicted of a "covered offense" that he committed before August 3, 2010. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory range for conspiracy involving 50 grams or more of cocaine base would have been 10 years to Life under 21 U.S.C. §§ 841(b)(1)(B) and 851. Defendant would have been subject to eight years supervised release.

Defendant urges the court to grant a full resentencing, at which he may argue he is no longer subject to enhanced penalties based on prior felony convictions under § 851. The court disagrees Defendant is entitled to a new sentencing hearing. Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. It contemplates a recalculation of Defendant's guidelines under the Fair Sentencing Act and a possible sentence reduction if warranted.

---

[2] *See Chapman v. United States*, 500 U.S. 453, 463 (1991) ("[T]he rule of lenity tips the scales in favor of the defendant by requiring the court 'to impose the lesser of two penalties.'").

5

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). *See, e.g., United States v. Fausto*, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. *See, e.g., United States v. Goodwyn*, 596 F.3d 233, 245 (4th Cir. 2010)

([T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. *See, e.g., Davis*, 2019 WL 1054554, at *2; *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); *United States v. Copple*, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019);*United States v. Kamber*, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act. Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions. Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).

When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."). The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4). Under that Rule, "[a] defendant need not be present under any of the following circumstances . . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In short, § 3582(c)(1)(B is the appropriate mechanism for granting relief under § 404 of the First Step Act.

Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing. Defendant is subject to a statutory range of 10 years to Life and a supervised release term of eight years. His advisory guideline range, with a comparable reduction for the previous Rule 35(b) reduction, is 151-188 months.

Prior to determining whether to impose a reduced sentence, the court will consider the new statutory range, the new advisory guideline range, the 18 U.S.C. § 3553(a) factors, and any evidence of post-sentencing mitigation. Therefore, the parties shall file, on or before August 20, 2019, any submissions relevant to these matters.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
August 1, 2019